NICOLA T. HANNA
United States Attorney
BRANDON D. FOX
Assistant United States Attorney
Chief, Criminal Division
STEVEN R. WELK
Assistant United States Attorney
Chief, Asset Forfeiture Section
BRENT A. WHITTLESEY (California Bar No. 73493)
Assistant United States Attorney
Asset Forfeiture Section
     Federal Courthouse, 14th Floor
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-5421
     Facsimile: (213) 894-0142
     E-mail: Brent.Whittlesey@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>     Plaintiff,<br><br>          v.<br><br>$420,000.00 IN U.S. CURRENCY,<br><br>     Defendant. | No. 5:19-CV-01197<br><br>VERIFIED COMPLAINT FOR FORFEITURE<br><br>21 U.S.C. § 881(a)(6)<br><br>[FBI] |

Plaintiff United States of America brings this claim against defendant $420,000.00 in U.S. Currency, and alleges as follows:

### JURISDICTION AND VENUE

1. Plaintiff United States of America brings this _in rem_ forfeiture action pursuant to 21 U.S.C. § 881(a)(6).

2. This Court has jurisdiction over the matter pursuant to 28 U.S.C. §§ 1345 and 1355.

3.   Venue lies in this district pursuant to 28 U.S.C. § 1395(b).

PERSONS AND ENTITIES

4.   The plaintiff in this action is the United States of America.

5.   The defendant in this action is $420,000.00 in U.S. currency (the "defendant currency") seized by law enforcement officers on January 7, 2019 during a search of the Bloomington, California, residence (the "Bloomington Premises") of Rodrigo Alvarez-Carbajal ("Alvarez-Carbajal") and Melania De Jesus Nunez-Villegas ("Nunez").[1]

6.   The defendant currency is currently in the custody of the United States Marshals Service in this District, where it shall remain subject to the jurisdiction of this Court during the pendency of this action.

7.   The interests of Alvarez-Carbajal, Nunez and DTIS Bloomington LLC ("DTIS") may be adversely affected by these proceedings.

FACTS SUPPORTING FORFEITURE

Background of the Investigation

8.   In 2018, the Federal Bureau of Investigation, the Inland Regional Narcotics Enforcement Team and the Inland Empire Hybrid Drug Task Force investigated a Mexican drug trafficking organization ("DTO").

---

[1] Pursuant to Local Rule 5.2-1, only the city and state of the residence address is set forth in this Complaint.

9. In 2018, officers intercepted a telephone call placed by a member of the DTO ("Member 1") to another member of the DTO ("Member 2") in which they discussed the transfer of narcotics proceeds. Member 1 provided Member 2 with a telephone number for a third member of the DTO, Member 3, and stated that Member 1 would be meeting with Member 3.

10. Later in 2018, Member 2 received a telephone call from Member 3, which was also intercepted by officers. Member 3 stated that he/she had received the narcotics proceeds and would meet with Member 2 the following day.

11. Officers obtained a State of California search warrant for trap and trace and GPS information for the telephone number used by Member 3 (as discussed in paragraph 10 above).

12. On the following day after officers obtained the search warrant, officers conducting electronic surveillance determined that the telephone number used by Member 3 appeared to be at the Bloomington Premises at which Alvarez-Carbajal resided.

13. On January 7, 2019, officers were conducting surveillance at the Bloomington Premises. Officers observed Alvarez-Carbajal arrive at the Bloomington Premises in a vehicle.

14. Officers approached Alvarez-Carbajal and spoke with him. Officers explained that they were conducting an investigation of suspected narcotics trafficking and requesting permission to search the Bloomington Premises. Alvarez-Carbajal gave verbal and written consent to the search.

Search of the Bloomington Premises

15. Alvarez-Carbajal told officers that he kept cash at the Bloomington Premises and that he would show officers the locations.

1  In a closet of the master bedroom of the Bloomington Premises,
2  Alvarez-Carbajal showed officers a bag with a cardboard box inside.
3  There were two metal lunch boxes and two metal lockboxes inside the
4  cardboard box.  Alvarez-Carbajal opened the two metal lunch boxes and
5  used his keys to open the two metal lockboxes.  When Alvarez-Carbajal
6  opened the metal lockbox, officers saw a large amount of one hundred
7  dollar bills in bundles secured with rubber bands inside the
8  lockboxes.  Alvarez-Carbajal told officers that the cash inside the
9  lockboxes was over $380,000.00, and officers subsequently confirmed
10 that these funds totaled $380,000.00 (*i.e.*, part of the defendant
11 currency) and consisted of 3,800 one hundred dollar bills.  Alvarez-
12 Carbajal told officers that the currency represented profits from his
13 business.
14       16.  Alvarez-Carbajal told officers that there was additional
15 currency in the nightstand in the same bedroom.  Officers found four
16 additional bundles of one hundred dollar bills in the nightstand
17 totaling $40,000.00, (*i.e.*, the balance of the defendant currency).
18       17.  Alvarez-Carbajal told officers that he owned a business,
19 DTIS, and that the defendant currency represented profits from the
20 business.  In addition, Alvarez-Carbajal told officers that he
21 normally kept the currency in a hiding place in one of the
22 Bloomington Premises bathrooms, but had moved the currency to the
23 bedroom closet because there were workmen at the Bloomington Premises
24 remodeling the bathroom.  Narcotics currency couriers often maintain
25 narcotics proceeds in hidden locations, similar to the one normally
26 used by Alvarez-Carbajal in the Bloomington Premises' bathroom and
27 commonly known as "traps."
28

4

Interview of Alvarez-Carbajal

18. Officers interviewed Alvarez-Carbajal concerning his income and expenses. Alvarez-Carbajal estimated the monthly gross income of DTIS to be approximately $60,000, DTIS' monthly expenses at $60,630 and his personal monthly household expenses at $27,830 for total monthly business and personal expenses of $83,719. Alvarez-Carbajal explained that his wife, Nunez, was a homemaker who was not employed outside the home (and therefore had no income).

19. In the bedroom closet, officers located financial documents that included a U.S. Return of Partnership Income Form 1065 for DTIS for the year 2017, which showed gross receipts of $733,195 and net income of $335,630. The attached Schedule K-1 showed that Alvarez-Carbajal and his partner each reported partnership income of $167,815 in 2017.

20. When questioned by officers, Alvarez-Carbajal stated that the actual business income of DTIS in 2017 was approximately $1.6 million, not the $733,195 that he reported to the Internal Revenue Service.

Canine Alert

21. Officer Camacho of the San Bernardino Sheriff's Department ("SBSD") deployed his narcotics detection canine "Randy" at the Bloomington Premises.

22. Randy alerted to the odor of narcotics in the closet where officers found the $380,000.00, and to the nightstand where the officers found the $40,000.00. As Randy approached the closet, Randy showed a change in behavior. Randy immediately began to sniff the air around the closet, and sat in front of it, indicating a positive alert to the scent of narcotics.

23. When Randy approached the nightstand, he began to sniff the seams of the drawers in the cabinet, and then sat in front of it. This also indicated a positive alert to the scent of narcotics.

24. Randy was assigned to Officer Camacho in September 2013. Prior to his assignment, Randy received 2120 hours of training at the Vohne Liche Kennels that included successfully locating narcotics training aids. Randy was trained to alert to the odor of marijuana, cocaine, heroin and methamphetamine.

25. Since his assignment, Randy has received annual recertification training each year through the California Narcotic Canine Association. Randy also receives weekly training through the Inland Empire Police Canine Association and monthly training through the Vohne Liche Kennels.

## CLAIM FOR RELIEF

26. Based on the above, plaintiff alleges that the defendant currency represents or is traceable to proceeds of illegal narcotic trafficking or was intended to be used in one or more exchanges for a controlled substance or listed chemical, in violation of 21 U.S.C. § 841 et seq. The defendant currency is therefore subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6).

WHEREFORE, plaintiff United States of America prays:

(a) that due process issue to enforce the forfeiture of the defendant currency;

(b) that due notice be given to all interested parties to appear and show cause why forfeiture should not be decreed;

(c) that this Court decree forfeiture of the defendant currency to the United States of America for disposition according to law; and

6

    (d)   for such other and further relief as this Court may deem just and proper, together with the costs and disbursements of this action.

```
DATED: June 28, 2019          NICOLA T. HANNA
                              United States Attorney
                              BRANDON D. FOX
                              Assistant United States Attorney
                              Chief, Criminal Division
                              STEVEN R. WELK
                              Assistant United States Attorney
                              Chief, Asset Forfeiture Section

                                      /s/
                              BRENT A. WHITTLESEY
                              Assistant United States Attorney
                              Asset Forfeiture Section

                              Attorneys for Plaintiff
                              UNITED STATES OF AMERICA
```

VERIFICATION

I, Juan Aguirre hereby declare that:

1. I am a Task Force Officer with the Federal Bureau of Investigation.

2. I have read the above Verified Complaint for Forfeiture and know its contents. It is based upon my own personal knowledge and reports provided to me by other law enforcement agents.

3. Everything contained in the Complaint is true and correct, to the best of my knowledge and belief.

I declare under penalty of perjury that the foregoing is true and correct.

Executed June 26, 2019 in Colton, California.

_____
JUAN AGUIRRE
Task Force Officer
Federal Bureau of Investigation

8